IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Khalil Shakur, | ) | |
| Petitioner, | ) | CIV 11-02169 PHX FJM (MEA) |
| v. | ) | REPORT AND RECOMMENDATION |
| Charles Ryan, Arizona Attorney General, | ) | |
| Respondents. | ) | |

TO THE HONORABLE FREDERICK J. MARTONE:

Petitioner, proceeding pro se, filed a petition for writ of habeas corpus on November, 2011. Respondents filed a Limited Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. 11) on February 3, 2012. Petitioner replied to the answer to his petition on March 5, 2012. See Doc. 13.

**I Procedural History**

In a direct complaint entered August 13, 2007, Petitioner, named as Eric Thomas, was charged by a grand jury indictment with one count of trafficking in the identity of another. See Answer, Exh. A.[1] On September 14, 2007, a preliminary hearing was ordered. See id., Exh. B.

---

[1] Petitioner and a co-defendant were charged with selling a debit card to two undercover police officers for $80.

On September 18, 2007, a grand jury indictment was returned charging Petitioner with one count of trafficking in the identity of another.  See id., Exh. C.  That same date the state moved to vacate the preliminary hearing, which motion was granted.  See id., Exh. C & Exh. D.

On December 12, 2007, the state amended the indictment to allege Petitioner had previously been convicted of seven felonies.  See id., Exh. F.[2]  Petitioner was tried before a jury, which found him guilty as charged on February 7, 2008.[3]  Id., Exh. O.

At sentencing, in return for the state recommending a "super-mitigated" sentence, Petitioner stipulated that he had two prior convictions.  Id., Exh. OO at Exh. D.  The trial court sentenced Petitioner to an "exceptionally mitigated" sentence of 10.5 years in prison.  Id., Exh. OO at Exh. D.

Petitioner took a timely direct appeal of his conviction and sentence.  On October 23, 2008, Petitioner's appointed appellate counsel informed the Arizona Court of Appeals that counsel had found no legitimate argument to raise on Petitioner's behalf.  Id., Exh. V.  Counsel averred to the Court of Appeals that he had contacted Petitioner "soliciting

---

[2] The state initially alleged a 2007 pending charge for possession of marijuana and a 1997 conviction for aggravated assault, in addition to two convictions for possession of narcotics in 1992 and 1988, and four other convictions occurring between 1979 and 1986. Answer, Exh. F.

[3] Two pre-trial settlement conferences were conducted with two different commissioners and at both conferences Petitioner indicated he was not interested in a plea agreement regardless of the sentence he faced if found guilty.  Answer, Exh. L.

suggested issues," and that Petitioner had identified the following issues that he wished to raise on appeal:

1. Petitioner's rights were violated when his preliminary hearing was vacated and his case presented to the grand jury;

2. Petitioner's right to the effective assistance of counsel was violated;

3. Petitioner's constitutional rights were violated by the state's selective and vindictive prosecution; and

4. Petitioner's constitutional rights were violated by prosecutorial misconduct.

Petitioner was given the opportunity to file a supplemental brief in his direct appeal but did not file a pro se brief. <u>Id.</u>, Exh. W & Exh. Z at 2.

On June 23, 2009, the Arizona Court of Appeals affirmed Petitioner's conviction and sentence in a memorandum decision addressing each of the issues related by Petitioner's appointed counsel. <u>Id.</u>, Exh. Z. The Arizona Court of Appeals also addressed, inter alia, whether there was sufficient evidence to convict Petitioner and whether the jury had been properly empaneled and instructed. Petitioner did not seek review of this decision by the Arizona Supreme Court.

Petitioner initiated an action for state post-conviction relief pursuant to Rule 32, Arizona Rules of Civil Procedure, on September 9, 2009. <u>Id.</u>, Exh. EE. Petitioner was appointed counsel to represent him in his Rule 32 proceedings. On May 24, 2010, counsel informed the trial court that she could

-3-

find no colorable claim to present on Petitioner's behalf. _Id._, Exh. II.

On July 21, 2010, Petitioner filed a supplemental petition. _Id._, Exh. KK. On August 19, 2010, Petitioner filed a second supplemental petition, which the trial court struck without prejudice because it did not comply with Rule 32.5, Arizona Rules of Criminal Procedure. _Id._, Exh. LL & Exh. NN.

On September 22, 2010, Petitioner filed a third supplemental petition in his Rule 32 action, alleging:

1. The state had "misled" the grand jury by presenting hearsay testimony rather than "first hand" testimony;

2. The state violated Petitioner's rights by depriving him of a preliminary hearing;

3. He was denied his right to the effective assistance of counsel. Petitioner alleged his counsel failed to challenge the grand jury proceedings, failed to adequately present Petitioner's motion for a voluntariness hearing, failed to inform Petitioner of his right to have grand jury transcripts, and failed to object on conflict of interest grounds to the commissioner who conducted Petitioner's settlement conference and a trial management conference; and

4. Ineffective assistance of counsel, with regard to establishing Petitioner's historical priors. _See id._, Exh. OO.

On February 16, 2011, the state Superior Court dismissed Petitioner's action for post-conviction relief. The trial court found Petitioner's claims of ineffective assistance of counsel were not colorable and that Petitioner's remaining

-4-

claims were precluded under Rule 32.2(a)(2), Arizona Rules of Criminal Procedure, because they had been finally adjudicated on appeal. Id., Exh. RR.

In his federal habeas action Petitioner asserts that his constitutional rights were violated by prosecutorial misconduct (Ground One), the denial of his right to a preliminary hearing (Ground Two), prosecutorial misconduct and ineffective assistance of counsel with respect to Petitioner's prior convictions (Ground Three), and ineffective assistance of counsel during his trial and appellate proceedings (Ground Four).

Respondents contend that Grounds One, Three, and Four of Petitioner's habeas claims have not been properly exhausted in state court, and therefore, are procedurally barred. Respondents assert habeas relief should not be granted on Ground Two of the petition because the Arizona court's conclusion that Petitioner was not denied his federal constitutional rights by the termination of the preliminary hearing upon Petitioner's indictment was not clearly contrary to nor an unreasonable application of federal law.

**II Analysis**

**A. Exhaustion and procedural default**

The District Court may only grant federal habeas relief on the merits of a claim which has been exhausted in the state courts. See O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999); Coleman v. Thompson, 501 U.S. 722, 729-30, 111 S. Ct. 2546, 2554-55 (1991). To properly exhaust a

federal habeas claim, the petitioner must afford the state the opportunity to rule upon the merits of the claim by "fairly presenting" the claim to the state's "highest" court in a procedurally correct manner.  <u>See</u>, <u>e.g.</u>, <u>Castille v. Peoples</u>, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060 (1989); <u>Rose v. Palmateer</u>, 395 F.3d 1108, 1110 (9th Cir. 2005).[4]  The Ninth Circuit Court of Appeals has concluded that, in non-capital cases arising in Arizona, the "highest court" test of the exhaustion requirement is satisfied if the habeas petitioner presented his claim to the Arizona Court of Appeals, either on direct appeal or in a petition for post-conviction relief.  <u>See</u> <u>Swoopes v. Sublett</u>, 196 F.3d 1008, 1010 (9th Cir. 1999).  <u>See also</u> <u>Crowell v. Knowles</u>, 483 F. Supp. 2d 925, 932 (D. Ariz. 2007).

To satisfy the "fair presentment" prong of the exhaustion requirement, the petitioner must present "both the operative facts and the legal principles that control each claim to the state judiciary." <u>Wilson v. Briley</u>, 243 F.3d 325, 327 (7th Cir. 2001).  <u>See also</u> <u>Kelly v. Small</u>, 315 F.3d 1063, 1066 (9th Cir. 2003).  In <u>Baldwin v. Reese</u>, the Supreme Court reiterated that the purpose of exhaustion is to give the states the opportunity to pass upon and correct alleged constitutional errors.  <u>See</u> 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004).

---

[4] Prior to 1996, the federal courts were required to dismiss a habeas petition which included unexhausted claims for federal habeas relief.  However, section 2254 now states: "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(2) (1994 & Supp. 2011).

Therefore, if the petitioner did not present the federal habeas claim to the state court as asserting the violation of a specific <u>federal</u> constitutional right, as opposed to violation of a state law or a state procedural rule, the federal habeas claim was not "fairly presented" to the state court.  See, <u>e.g.</u>, <u>id.</u>, 541 U.S. at 33, 124 S. Ct. at 1351.

A federal habeas petitioner has not exhausted a federal habeas claim if he still has the right to raise the claim "by any available procedure" in the state courts.  28 U.S.C. § 2254(c) (1994 & Supp. 2011).  Because the exhaustion requirement refers only to remedies still available to the petitioner at the time they file their action for federal habeas relief, it is satisfied if the petitioner is procedurally barred from pursuing their claim in the state courts.  See <u>Woodford v. Ngo</u>, 548 U.S. 81, 92-93, 126 S. Ct. 2378, 2387 (2006).  If it is clear the habeas petitioner's claim is procedurally barred pursuant to state law, the claim is exhausted by virtue of the petitioner's "procedural default" of the claim.  See, <u>e.g.</u>, <u>id.</u>, 548 U.S. at 92, 126 S. Ct. at 2387.

Procedural default occurs when a petitioner has never presented a federal habeas claim in state court and is now barred from doing so by the state's procedural rules, including rules regarding waiver and the preclusion of claims.  See <u>Castille</u>, 489 U.S. at 351-52, 109 S. Ct. at 1060.  Procedural default also occurs when a petitioner did present a claim to the state courts, but the state courts did not address the merits of the claim because the petitioner failed to follow a state

-7-

procedural rule.  See, e.g., Ylst v. Nunnemaker, 501 U.S. 797, 802, 111 S. Ct. 2590, 2594-95 (1991); Coleman, 501 U.S. at 727-28, 111 S. Ct. at 2553-57; Szabo v. Walls, 313 F.3d 392, 395 (7th Cir. 2002).  "If a prisoner has defaulted a state claim by 'violating a state procedural rule which would constitute adequate and independent grounds to bar direct review ... he may not raise the claim in federal habeas, absent a showing of cause and prejudice or actual innocence.'"  Ellis v. Armenakis, 222 F.3d 627, 632 (9th Cir. 2000), quoting Wells v. Maass, 28 F.3d 1005, 1008 (9th Cir. 1994).

Because the Arizona Rules of Criminal Procedure regarding timeliness, waiver, and the preclusion of claims bar Petitioner from now returning to the state courts to exhaust any unexhausted federal habeas claims, Petitioner has exhausted, but procedurally defaulted, any claim not previously fairly presented to the Arizona Court of Appeals in his direct appeal. See Insyxiengmay v. Morgan, 403 F.3d 657, 665 (9th Cir. 2005); Beaty v. Stewart, 303 F.3d 975, 987 (9th Cir. 2002).  See also Stewart v. Smith, 536 U.S. 856, 860, 122 S. Ct. 2578, 2581 (2002) (holding Arizona's state rules regarding the waiver and procedural default of claims raised in attacks on criminal convictions are adequate and independent state grounds for affirming a conviction and denying federal habeas relief on the grounds of a procedural bar); Ortiz v. Stewart, 149 F.3d 923, 931-32 (9th Cir. 1998).

**C. Cause and prejudice**

The Court may consider the merits of a procedurally defaulted claim if the petitioner establishes cause for their procedural default and prejudice arising from that default. "Cause" is a legitimate excuse for the petitioner's procedural default of the claim and "prejudice" is actual harm resulting from the alleged constitutional violation. See Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir. 1991). Under the "cause" prong of this test, Petitioner bears the burden of establishing that some objective factor external to the defense impeded his compliance with Arizona's procedural rules. See Moorman v. Schriro, 426 F.3d 1044, 1058 (9th Cir. 2005); Vickers v. Stewart, 144 F.3d 613, 617 (9th Cir. 1998); Martinez-Villareal v. Lewis, 80 F.3d 1301, 1305 (9th Cir. 1996).

Generally, a petitioner's lack of legal expertise is not cause to excuse procedural default. See Hughes v. Idaho State Bd. of Corr., 800 F.2d 905, 908 (9th Cir. 1986). Additionally, allegedly ineffective assistance of appellate counsel does not establish cause for the failure to properly exhaust a habeas claim in the state courts unless the specific Sixth Amendment claim providing the basis for cause was itself properly exhausted. See Edwards v. Carpenter, 529 U.S. 446, 451, 120 S. Ct. 1587, 1591 (2000); Coleman, 501 U.S. at 755, 111 S. Ct. at 2567; Deitz v. Money, 391 F.3d 804, 809 (6th Cir. 2004).

To establish prejudice, the petitioner must show that the alleged constitutional error worked to his actual and

-9-

substantial disadvantage, infecting his entire trial with constitutional violations. See Vickers, 144 F.3d at 617; Correll v. Stewart, 137 F.3d 1404, 1415-16 (9th Cir. 1998). Establishing prejudice requires a petitioner to prove that, "but for" the alleged constitutional violations, there is a reasonable probability he would not have been convicted of the same crimes. See Manning v. Foster, 224 F.3d 1129, 1135-36 (9th Cir. 2000); Ivy v. Caspari, 173 F.3d 1136, 1141 (8th Cir. 1999). Although both cause and prejudice must be shown to excuse a procedural default, the Court need not examine the existence of prejudice if the petitioner fails to establish cause. See Engle v. Isaac, 456 U.S. 107, 134 n.43, 102 S. Ct. 1558, 1575 n.43 (1982); Thomas, 945 F.2d at 1123 n.10.

### D. Fundamental miscarriage of justice

Review of the merits of a procedurally defaulted habeas claim is required if the petitioner demonstrates review of the merits of the claim is necessary to prevent a fundamental miscarriage of justice. See Dretke v. Haley, 541 U.S. 386, 393, 124 S. Ct. 1847, 1852 (2004); Schlup v. Delo, 513 U.S. 298, 316, 115 S. Ct. 851, 861 (1995); Murray v. Carrier, 477 U.S. 478, 485-86, 106 S. Ct. 2639, 2649 (1986). A fundamental miscarriage of justice occurs only when a constitutional violation has probably resulted in the conviction of one who is factually innocent. See Murray, 477 U.S. at 485-86, 106 S. Ct. at 2649; Thomas v. Goldsmith, 979 F.2d 746, 749 (9th Cir. 1992) (showing of factual innocence is necessary to trigger manifest injustice relief). To satisfy the "fundamental miscarriage of justice"

standard, a petitioner must establish by clear and convincing evidence that no reasonable fact-finder could have found him guilty of the offenses charged. See Dretke, 541 U.S. at 393, 124 S. Ct. at 1852; Wildman v. Johnson, 261 F.3d 832, 842-43 (9th Cir. 2001).

### E. Standard of review regarding exhausted claims

The Court may not grant a writ of habeas corpus to a state prisoner on a claim adjudicated on the merits in state court proceedings unless the state court reached a decision contrary to clearly established federal law, or the state court decision was an unreasonable application of clearly established federal law. See 28 U.S.C. § 2254(d) (1994 & Supp. 2010); Carey v. Musladin, 549 U.S. 70, 75, 127 S. Ct. 649, 653 (2006); Musladin v. Lamarque, 555 F.3d 834, 838 (9th Cir. 2009). Factual findings of a state court are presumed to be correct and can be reversed by a federal habeas court only when the federal court is presented with clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); Miller-El v. Dretke, 545 U.S. 231, 240-41, 125 S. Ct. 2317, 2325 (2005); Miller-El v. Cockrell, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041 (2003); Crittenden v. Ayers, 624 F.3d 943, 950 (9th Cir. 2010); Stenson v. Lambert, 504 F.3d 873, 881 (9th Cir. 2007); Anderson v. Terhune, 467 F.3d 1208, 1212 (9th Cir. 2006). The "presumption of correctness is equally applicable when a state appellate court, as opposed to a state trial court, makes the finding of fact." Sumner v. Mata, 455 U.S. 591, 593, 102 S. Ct. 1303, 1304-05 (1982).

A state court decision is contrary to federal law if it applied a rule contradicting the governing law of Supreme Court opinions, or if it confronts a set of facts that is materially indistinguishable from a decision of the Supreme Court but reaches a different result. See, e.g., Brown v. Payton, 544 U.S. 133, 141, 125 S. Ct. 1432, 1438 (2005); Yarborough v. Alvarado, 541 U.S. 652, 663, 124 S. Ct. 2140, 2149 (2004).

> A state court decision is contrary to clearly established federal law if it arrives at a conclusion of law opposite to that of the Supreme Court or reaches a result different from the Supreme Court on materially indistinguishable facts. Taylor v. Lewis, 460 F.3d 1093, 1097 n.4 (9th Cir. 2006). A state court decision involves an unreasonable application of clearly established federal law if it correctly identifies a governing rule but applies it to a new set of facts in a way that is objectively unreasonable, or if it extends, or fails to extend, a clearly established legal principle to a new set of facts in a way that is objectively unreasonable. Id. An unreasonable application of federal law is different from an incorrect application of federal law. Id.

McNeal v. Adams, 623 F.3d 1283, 1287-88 (9th Cir. 2010), cert. denied, 131 S. Ct. 3066 (2011).

For example, a state court's decision is considered contrary to federal law if the state court erroneously applied the wrong standard of review or an incorrect test to a claim. See Knowles v. Mirzayance, 129 S. Ct. 1411, 1419 (2009); Wright v. Van Patten, 552 U.S. 120, 124-25, 128 S. Ct. 743, 746-47 (2008); Norris v. Morgan, 622 F.3d 1276, 1288 (9th Cir. 2010), cert. denied, 131 S. Ct. 1557 (2011). See also Frantz v. Hazey, 533 F.3d 724, 737 (9th Cir. 2008); Bledsoe v. Bruce, 569 F.3d

-12-

1   1223, 1233 (10th Cir. 2009).

2           The state court's determination of a habeas claim may
3   be set aside under the unreasonable application prong if, under
4   clearly   established   federal   law,   the   state   court   was
5   "unreasonable  in  refusing  to  extend  [a]  governing  legal
6   principle  to  a  context  in  which  the  principle  should  have
7   controlled."  Ramdass v. Angelone, 530 U.S. 156, 166, 120 S. Ct.
8   2113, 2120 (2000).  See also Cheney v. Washington, 614 F.3d 987,
9   994 (9th Cir. 2010); Cook v. Schriro, 538 F.3d 1000, 1015 (9th
10  Cir.  2008).   However,  the  state  court's  decision  is  an
11  unreasonable application of clearly established federal law only
12  if it can be considered objectively unreasonable.  See, e.g.,
13  Renico v. Lett, 130 S. Ct. 1855, 1862 (2010).  An unreasonable
14  application  of  law  is  different  from  an  incorrect  one.   See
15  Renico, 130 S. Ct. at 1862; Cooks v. Newland, 395 F.3d 1077,
16  1080 (9th Cir. 2005).[5]

17              A state court's determination that a claim
                lacks merit precludes federal habeas relief
18              so   long   as   "fairminded   jurists   could
                disagree"  on  the  correctness  of  the  state
19              court's  decision.   Yarborough v. Alvarado,
                541  U.S.  652,  664,  124  S.  Ct.  2140,  []
20              (2004).   And  as  this  Court  has  explained,
                "[E]valuating  whether  a  rule  application  was
21              unreasonable  requires  considering  the  rule's
                specificity.  The  more  general  the  rule,  the
22              more  leeway  courts  have  in  reaching  outcomes
                in  case-by-case  determinations."  Ibid.  "[I]t
23              is  not  an  unreasonable  application  of  clearly
                established  Federal  law  for  a  state  court  to
24              decline  to  apply  a  specific  legal  rule  that

25  ─────────────────
26          [5] "That test is an objective one and does not permit a court
    to grant relief simply because the state court might have incorrectly
27  applied federal law to the facts of a certain case."  Adamson v.
    Cathel, 633 F.3d 248, 255-56 (3d Cir. 2011).

28                                  -13-

1    has not been squarely established by this
     Court." <u>Knowles v. Mirzayance</u>, [] 129 S.Ct.
2    1411, 1413–14, [] (2009) (internal quotation
     marks omitted).

3

4    <u>Harrington v. Richter</u>, 131 S. Ct. 770, 786 (2011).

5         The phrase "clearly established Federal law"
          refers to "the holdings, as opposed to the
6         dicta," of the Supreme Court's decisions "as
          of the time of the relevant state-court
7         decision." <u>Williams v. Taylor</u>, 529 U.S. 362,
          412, 120 S. Ct. 1495 [] (2000). A state
8         court's decision is "contrary to" this body
          of law if it applies a rule that contradicts
9         the governing law articulated by the Supreme
          Court or arrives at a result different than
10        that reached by the Supreme Court in a case
          with materially indistinguishable facts. <u>Id.</u>
11        at 405-06, 120 S. Ct. 1495.
          A decision involves an "unreasonable
12        application" of clearly established federal
          law if it "identifies the correct governing
13        legal principle ... but unreasonably applies
          that principle to the facts of the prisoner's
14        case." <u>Id.</u> at 413, 120 S. Ct. 1495. The
          Supreme Court has emphasized that "an
15        unreasonable application of federal law is
          different from an incorrect application of
16        federal law." <u>Id.</u> at 410, 120 S. Ct. 1495.
          Accordingly, "a federal habeas court may not
17        issue the writ simply because that court
          concludes in its independent judgment that
18        the relevant state-court decision applied
          clearly established federal law erroneously
19        or incorrectly." <u>Id.</u> at 411, 120 S. Ct. 1495.
          Instead, the court must determine whether the
20        state court's application of Supreme Court
          precedents was objectively unreasonable. <u>Id.</u>
21        at 409, 120 S. Ct. 1495. Although the Supreme
          Court's decisions are the focus of the
22        unreasonable-application inquiry, we may look
          to Ninth Circuit case law as "persuasive
23        authority for purposes of determining whether
          a particular state court decision is an
24        'unreasonable application' of Supreme Court
          law." <u>Duhaime v. Ducharme</u>, 200 F.3d 597, 600
25        (9th Cir. 2000).

26   <u>Howard v. Clark</u>, 608 F.3d 563, 567-68 (9th Cir. 2010).

27

28                          -14-

Additionally, the United States Supreme Court recently held that, with regard to claims adjudicated on the merits in the state courts, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 131 S.Ct. 1388, 1398 (2011).

If the Court determines that the state court's decision was an objectively unreasonable application of clearly established United States Supreme Court precedent, the Court must review whether Petitioner's constitutional rights were violated, i.e., the state's ultimate denial of relief, without the deference to the state court's decision that the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") otherwise requires. See Panetti v. Quarterman, 551 U.S. 930, 953-54, 127 S. Ct. 2842, 2858-59 (2007); Greenway v. Schriro, 653 F.3d 790, 805-06 (9th Cir. 2011); Norris, 622 F.3d at 1286; Howard, 608 F.3d at 568.

**F.  Petitioner's claims for relief**

**1.  Petitioner contends that his rights were violated by "Prosecutorial Misconduct: misleading the Grand Jury to Indict."**

Respondents assert this claim is procedurally barred because Petitioner failed to properly exhaust his claim either on direct appeal or in a properly-filed action for state post-conviction relief.   Respondents contend that, although Petitioner's appointed appellate counsel noted in an "Anders" brief that Petitioner believed his "constitutional rights" were violated by "prosecutorial misconduct," Petitioner did not

provide the court with any factual basis for this claim because Petitioner did not file a pro per brief in his direct appeal.

A petitioner must present to the state courts the "substantial equivalent" of the claim presented in federal court. <u>Picard v. Connor</u>, 404 U.S. 270, 278, 92 S. Ct. 509, 513-14 (1971); <u>Libberton v. Ryan</u>, 583 F.3d 1147, 1164 (9th Cir. 2009). Full and fair presentation requires a petitioner to present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief. <u>See Scott v. Schriro</u>, 567 F.3d 573, 582 (9th Cir. 2009); <u>Lopez v. Schriro</u>, 491 F.3d 1029, 1040 (9th Cir. 2007).

Although a habeas petitioner need not recite "book and verse on the federal constitution" to fairly present a claim to the state courts, <u>Picard</u>, 404 U.S. at 277-78, 92 S. Ct. at 512-13, they must do more than present the facts necessary to support the federal claim. <u>See Anderson v. Harless</u>, 459 U.S. 4, 6, 103 S. Ct. 276, 277 (1982). Petitioner never even presented the facts necessary to support this claim to the state court in a direct appeal. Accordingly, because the factual and legal predicate for this claim was not fairly presented to the state court in Petitioner's direct appeal, Petitioner has procedurally defaulted this claim. <u>Rose</u>, 395 F.3d at 1111.

To the extent Petitioner raised the factual and constitutional basis for this habeas claim in his action for state post-conviction relief, the state court found the issue precluded because it was decided on the merits in Petitioner's

-16-

direct appeal.[6]

To constitute an adequate and independent state procedural ground sufficient to support a state court's finding of procedural default, "a state rule must be clear, consistently applied, and well-established at the time of [the] petitioner's purported default." Lambright v. Stewart, 241 F.3d 1201, 1203 (9th Cir. 2001). A state rule is considered consistently applied and well-established if the state courts follow it in the "vast majority of cases." Scott, 567 F.3d at 580, quoting Dugger v. Adams, 489 U.S. 401, 417 n.6, 109 S. Ct. 1211, 1221 n.6 (1989). The Ninth Circuit Court of Appeals has held that "federal courts should not insist upon a petitioner, as a procedural prerequisite to obtaining federal relief, comply[] with a rule the state itself does not consistently enforce." Id., 567 F.3d at 581-82, quoting Siripongs v. Calderon, 35 F.3d 1308, 1318 (9th Cir. 1994). It is Respondents' burden to prove the rule cited and relied upon by the state court in denying relief was clear, consistently applied, and well-established at the time the rule was applied to Petitioner's case. Id.

As noted supra, the Arizona Rules of Criminal Procedure regarding timeliness, waiver, and the preclusion of claims have been found to be clear, consistently applied, and well-established at the time the rules were applied to Petitioner's

---

[6] The state court concluded that, as a matter of fact, Petitioner was not subjected to either prosecutorial vindictiveness nor was he subjected to prosecutorial misconduct. The state court did not discuss nor cite to federal cases discussing the United States Constitution when denying these claims.

state action for post-conviction relief.  See Stewart, 536 U.S. at 860, 122 S. Ct. at 2581 (holding Arizona's state rules regarding the waiver and procedural default of claims raised in attacks on criminal convictions are adequate and independent state grounds for affirming a conviction and denying federal habeas relief on the grounds of a procedural bar).  Therefore, to the extent that it can be found that Petitioner properly presented this habeas claim to the state court in his Rule 32 action, the state court found relief on the merits of the claim procedurally barred by operation of the state rules of criminal procedure.  Additionally, Petitioner did not seek review of the Superior Court's denial of relief by the Arizona Court of Appeals.  Therefore, Petitioner did not fairly present this habeas claim to the state's "highest court" in a procedurally correct manner.

        In response to the answer to his habeas petition, Petitioner asserts that he could not properly pursue his habeas claims in the state courts because his appellate counsel's performance was deficient, i.e., counsel failed to raise and properly present the issues in Petitioner's direct appeal. Petitioner also asserts that his transfer to a prison in Colorado prevented him from filing a pro per brief in his direct appeal.  Petitioner also contends that he was denied his right to the effective assistance of post-conviction counsel, asserting that his appointed post-conviction counsel had a conflict because all public defendants' counsel are conflicted with regard to their representation of defendants in Rule 32

1  proceedings.

2         Petitioner has not established cause for nor prejudice

3  arising from his procedural default of this habeas claim.   Nor

4  has Petitioner established that a fundamental miscarriage of

5  justice will occur if the merits of this claim are not

6  considered.

7         **2. Petitioner claims that he was denied his "right to**
   **have a preliminary hearing," arguing that the trial court's**
8  **failure to afford Petitioner such a hearing "clearly circumvents**
   **the United States Constitution Amendment Fourth (14)-due process**
9  **of law, as well as both the Arizona claims."   In his traverse**
   **Petitioner states that he was subjected to prosecutorial**
10 **misconduct by the denial of his "right" to a preliminary**
   **hearing.**

11

12         Petitioner alleges that he was denied his right to a

13 preliminary hearing, which constituted prosecutorial misconduct

14 and a violation of his right to due process of law.   Petitioner

15 raised similar claims in his direct appeal.   The Arizona Court

16 of Appeals denied relief on this claim, stating:

17          First, Shakur's rights were not violated
            when the court vacated his preliminary
18          hearing upon indictment by the grand jury on
            the same charge.   The United States
19          Constitution, Arizona Constitution, Arizona
            statutes and Ariz. R. Crim. P. 5.1 do not
20          grant the defendant an absolute right to a
            preliminary hearing. A preliminary hearing is
21          only required when a person is prosecuted for
            a felony by information rather than
22          indictment. See Ariz. Const. art. 2, § 30.
            The preliminary hearing may be waived
23          pursuant to Ariz. R. Crim. P. 5.1(b) by
            written waiver signed by the defendant and an
24          attorney or when the charges are dismissed
            upon return of a grand jury indictment. See
25          State v. Gonzales, 111 Ariz. 38, 42, 523 P.2d
            66, 70 (1974) (holding the defendant has no
26          right to choose whether the State proceeds by
            either indictment or information). Here, the
27          court vacated Shakur's preliminary hearing

28                            -19-

> upon return of the grand jury's indictment on the same charge. Thus, the superior court did not fundamentally err by vacating the preliminary hearing.

Answer, Exh. Z.

The state court's decision was not clearly contrary to federal law. The Due Process Clause of the United States Constitution does not require indictment by a grand jury, although it clearly requires some pretrial screening of criminal charges. See Cooksey v. Delo, 94 F.3d 1214, 1217 (8th Cir. 1996). However, the federal courts have uniformly concluded that "a preliminary hearing before a magistrate is not a federal constitutional right which, if denied, requires a petitioner's release on habeas corpus." Pappillion v. Beto, 257 F. Supp. 502, 503 (S.D. Tex. 1966). See also Murphy v. Beto, 416 F.2d 98, 100 (5th Cir. 1969).

Petitioner was not deprived of a constitutional right because he was not afforded a complete preliminary hearing, and, accordingly, relief may be denied on this claim because it is not cognizable in a section 2254 action.

**3. Petitioner asserts that he was subjected to "prosecutorial misconduct" and denied his right to the effective assistance of counsel because the state alleged prior convictions that Petitioner contends could not properly be used to enhance his sentence.**

Respondents argue that Petitioner did not fairly present this claim to the state courts in a procedurally correct manner and that the claim has been defaulted.

Petitioner did not file a pro per brief in his direct appeal. Accordingly, Petitioner did not allege that he was

-20-

denied his federal constitutional right to a fair trial or due process of law based on the prosecutor alleging prior convictions which Petitioner asserts could not be used to enhance his sentence.  Petitioner did not "fairly present" this claim to the state's highest court in a procedurally correct manner.

Additionally, even if Petitioner properly presented this claim in his state action for post-conviction relief, Petitioner did not seek review by the Arizona Court of Appeals of the trial court's decision denying relief pursuant to Rule 32, Arizona Rules of Criminal Procedure.  Therefore, the claim was not "fairly presented" to the state's "highest court" in a procedurally correct manner and the claim has been procedurally defaulted.

As noted supra, Petitioner has not shown cause for nor prejudice arising from his procedural default of this claim. Petitioner has not established that a fundamental miscarriage of justice will occur absent a consideration of the merits of the claim.  Therefore, the claim does not warrant the granting of relief.

**4. Petitioner contends that he was denied his right to the effective assistance of counsel.**

Petitioner raised an ineffective assistance of counsel claim in his first Rule 32 proceedings.

To state a claim for ineffective assistance of counsel, a habeas petitioner must show both that his attorney's performance was deficient and that the deficiency prejudiced the

-21-

petitioner's defense.   See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).   The petitioner must overcome the strong presumption that counsel's conduct was within the range of reasonable professional assistance required of attorneys in that circumstance.   See id., 466 U.S. at 687, 104 S. Ct. at 2064.   To establish prejudice, the petitioner must establish that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068.   See also, e.g., Harrington v. Richter, 131 S. Ct. 770, 786-88 (2011).   Counsel's performance will be held constitutionally deficient only if the defendant proves thier actions "fell below an objective standard of reasonableness," as measured by "prevailing professional norms."   Strickland, 466 U.S. at 688, 104 S. Ct. 2052.   See also Cheney v. Washington, 614 F.3d 987, 994-95 (9th Cir. 2010).

          To establish prejudice, the petitioner must establish that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."   Strickland, 466 U.S. at 694, 104 S. Ct. at 2068.   See also, e.g., Cheney, 614 F.3d at 994.   Therefore, to succeed on an assertion his counsel's performance was deficient because counsel failed to raise a particular argument, either in his trial proceedings or in his appeals, the petitioner must establish the argument was likely to be successful, thereby establishing that he was prejudiced by his counsel's omission. See Tanner v. McDaniel, 493 F.3d 1135, 1144 (9th Cir. 2007);

-22-

Weaver v. Palmateer, 455 F.3d 958, 970 (9th Cir. 2006). "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." Strickland, 466 U.S. at 693, 104 S. Ct. at 2067. Accordingly, prejudice from counsel's allegedly deficient performance is less likely when the case against the defendant is strong. See, e.g., Wong v. Belmontes, 130 S. Ct. 383, 390-91 (2009); Avila v. Galaza, 297 F.3d 911, 923-24 (9th Cir. 2002); Godwin v. Johnson, 632 F.3d 301, 311 (6th Cir. 2011). It is Petitioner's burden to establish both that his counsel's performance was deficient and that he was prejudiced thereby. See, e.g., Wong, 130 S. Ct. at 384-85 (2009).

"Surmounting Strickland's high bar is never an easy task." Padilla v. Kentucky, 130 S. Ct. 1473, 1485 (2010), quoted in Harrington, 131 S. Ct. at 788. However, the Court must apply an extremely deferential standard of review with regard to Strickland claims presented by a state habeas petitioner. See Harrington, 131 S. Ct. at 785 ("A state court must be granted a deference and latitude that are not in operation when the case involves review under the Strickland standard itself.").

> Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult. The standards created by Strickland and § 2254(d) are both "highly deferential," id., at 689, 104 S.Ct. 2052; Lindh v. Murphy, 521 U.S. 320, 333, n.7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is "doubly" so, Knowles, 556 U.S., at ----, 129 S.Ct. at 1420. The Strickland standard is a general one, so the range of

-23-

> reasonable applications is substantial. 556 U.S., at ----, 129 S. Ct. at 1420. Federal habeas courts must guard against the danger of equating unreasonableness under <u>Strickland</u> with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

<u>Harrington</u>, 131 S. Ct. at 788.

The state court thoroughly examined Petitioner's claims regarding ineffective assistance of counsel presented in his state Rule 32 action and denied relief on this claim.  The state court concluded that no alleged incident of deficient performance was prejudicial with regard to the outcome of Petitioner's criminal proceedings.

This decision was not clearly contrary to nor an unreasonable application of <u>Strickland</u>.  The Court notes that Petitioner's counsel was prepared to try the issue of his prior felonies.  <u>See</u> Answer, Exh. T.  Additionally, as noted by the state court, the sentencing agreement to stipulate to two prior historical felony convictions in return for receiving a super-mitigated sentence was extremely beneficial to Petitioner.  The state alleged seven prior felony convictions and, if proved, Petitioner faced a considerably longer term of imprisonment.

**III Conclusion**

With the exception of his ineffective assistance of counsel claim, Petitioner failed to exhaust his federal habeas claims in the Arizona state courts by fairly presenting the factual and legal basis for the claims to the Arizona Court of

-24-

Appeals in a procedurally correct manner.  Petitioner has not shown cause for nor prejudice arising from his default of his claims, or that a fundamental miscarriage of justice will occur absent consideration of the merits of the claims.  Additionally, the state court's decision that Petitioner was not denied the effective assistance of counsel was not clearly contrary to nor an unreasonable application of federal law.

**IT IS THEREFORE RECOMMENDED** that Mr. Shakur's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

Pursuant to 28 U.S.C. foll. § 2254, R. 11, the District Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The undersigned recommends that, should the Report and Recommendation be adopted and, should Petitioner seek a certificate of appealability, a certificate of appealability should be denied because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C.A § 2253(c)(2).

DATED this 8th day of March, 2012.

Mark E. Aspey
United States Magistrate Judge

-26-